IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLENE HAYES SIMPSON ) <br> and JOISHA ARTOR SIMPSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PRIMERICA LIFE INSURANCE, ) <br> CO., *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 2:16-CV-331-WKW <br> [WO] |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand (Doc. # 1), to which Defendants filed a Response (Doc. # 12). Upon careful consideration, Plaintiffs' motion to remand will be granted.

**I. STANDARDS OF REVIEW**

**A.     Removal Generally**

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). That jurisdiction, however, is limited. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). "[R]emoval statutes are construed narrowly; where plaintiff

and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

**B.     Removal Under § 1446(b)(3)**

Defendants removed this action under the portion of § 1446 that reopens the removal period for thirty days when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The procedure for removal under § 1446(b)(3) is governed by *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). *See Sallee v. Ford Motor Co.*, No. 2:13-CV-806-WKW, 2014 WL 1492874, at *4–5 (M.D. Ala. Apr. 16, 2014) (discussing the procedure governing § 1446(b)(3) removals).

Where the plaintiff timely challenges the propriety of removal under § 1446(b)(3), a defendant must "unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213. To accomplish this in cases removed on the basis of diversity jurisdiction, the "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id.* at 1211. If the evidence does not unambiguously establish the amount in controversy, "neither

2

the defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id.* at 1214–15.

**C.   Remand**

28 U.S.C. § 1447(c) provides, in relevant part:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id.*  As explained in *Lowery*, "§ 1447(c) distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time."  483 F.3d at 1213 n.64.  "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal."  *Id.*  In other words, "[t]here is only a thirty-day window . . . for a plaintiff to challenge the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction."  *Id.*

## II. BACKGROUND

Defendants have removed this action twice.  First, on October 22, 2015, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1332 and 1446(b)(1) based on the allegations in the complaint and an oral settlement demand.

*Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777, 2015 WL 9315658, *5–9 (M.D. Ala. Dec. 3, 2015).  Plaintiffs filed a motion to remand, which the court granted by adopting the recommendation of the Magistrate Judge.  The action was remanded because Defendants failed to establish diversity of citizenship of the parties and the requisite amount in controversy. *Id.* at *5 & *9.  The Magistrate Judge determined that the allegations in the complaint, which did not specify the amount of damages being sought, were insufficient to establish that the amount in controversy exceeded $75,000. *Id.* at *8.  He also decided that the settlement demand should be accorded "no weight" in determining the amount in controversy because it was an oral statement that lacked any specificity that would assist the court in determining its reliability. *Id.* at *8–9.

On May 10, 2016, Defendants removed this action for the second time.  (Doc. # 2.)  Defendants rely upon affidavits showing complete diversity of citizenship, deposition testimony, Defendants' requests for admissions, to which Plaintiffs did not timely respond, and an affidavit detailing Plaintiffs' oral settlement demand.  On May 12, 2016, Plaintiffs filed a motion to remand, which is now ripe for review.[1]

---

[1] Pursuant to the briefing order (Doc. # 4), Defendants filed a response to the motion to remand before the June 6, 2016 deadline (Doc. # 12).  Plaintiffs did not file a reply before the June 13, 2016 deadline.

### III.  DISCUSSION

A.   <u>**Diversity of Citizenship**</u>

In their complaint, Plaintiffs allege that all of the parties are citizens of Alabama.  (Doc. # 2-1, at 2.)  Defendants agree that Plaintiffs are citizens of Alabama, but contend that Defendant Robert Nelson is a citizen of Georgia and that Defendant Primerica Life Insurance Co. ("Primerica") is incorporated in Massachusetts and has its principal place of business in Georgia.  (Doc. # 2, at 3.)  As proof, Defendants have provided affidavits from Defendant Robert Nelson, who worked as a Primerica salesperson, and Adam Weaver ("Weaver"), who serves as assistant general counsel for Primerica.  (Docs. # 2-5, 2-6.)  Plaintiffs' motion to remand does not mention these affidavits.  Instead, Plaintiffs argue that there is not "any true controversy as to citizenship which is waived by the Solicitation and active ongoing business of the Defendants in this State and this County."  (Doc. # 1, at 2.)  They provide no legal support for the proposition that citizenship can be waived.

An individual is a citizen of the state in which he or she is domiciled.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  A corporation is a citizen of both its state of incorporation and the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Based on the uncontroverted statements in the affidavits, Defendants have shown that neither of them is a citizen

5

of Alabama. Accordingly, Defendants have established complete diversity of citizenship.

**B.    Amount in Controversy**

Defendants removed this case to federal court pursuant to § 1446(b)(3) based on requests for admissions, Plaintiffs' deposition testimony, and an affidavit from Weaver stating that Plaintiffs orally demanded $250,000 as settlement for their claims. (Doc. # 2, at 6–9.) They assert that this evidence establishes that the jurisdictional amount has been met. Plaintiffs cryptically argue that "[n]o amount has been claimed against the Defendants and no amount is thus in controversy." (Doc. # 1, at 2.)

Under § 1446(b)(3), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63.

Because Plaintiffs timely filed their motion to remand within thirty days of the notice of removal, *see* § 1447(c), they properly challenge "the propriety of the *removal* itself" under § 1446(b)(3). *Lowery*, 483 F.3d at 1213 n.64. The holding of Lowery, though limited in *Pretka* and criticized elsewhere, remains the law of the

circuit with respect to removals under § 1446(b)(3). Thus, "in assessing the propriety of removal" under § 1446(b)(3), "the court considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The court will consider each document presented by Defendants.

### 1.   *Requests for Admissions*

The Eleventh Circuit has recognized that requests for admissions can constitute "other paper" for purposes of removal. *See Lowery*, 483 F.3d at 1213 n.62; *Robinson v. GE Capital Mortg. Servs., Inc.*, 945 F. Supp. 1516, 1518 (M.D. Ala. 1996). While this action was pending in state court, Defendants served twenty-one requests for admissions on Plaintiffs. Plaintiffs did not respond to the requests within the time permitted under Alabama law. *See* Ala. R. Civ. P. 36. Defendants claim that because the requests for admissions were not timely answered, they are deemed admitted, and that the implied admissions as to four of the requests for admissions demonstrate that the amount in controversy exceeds $75,000.[2] The answers to the requests for admissions, however, are ambiguous. They accordingly are insufficient to establish the requisite amount in controversy.

---

[2] For the purposes of the motion to remand, the court will assume without deciding that the requests have been admitted.

In support of their position, Defendants point to the following unanswered requests for admissions:

> Request for Admission No. 12. Admit that the damages alleged in your Complaint exceed $75,000.00.
>
> Request for Admission No. 13. Admit that the amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and cost.
>
> Request for Admission No. 14. Admit that this case satisfies the "amount in controversy" requirements of 28 U.S.C. § 1332.
>
> Request for Admission No. 15. Admit that You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your Complaint.

(Doc. # 2, at 7.) These requests, however, are not the only ones relevant to the amount in controversy. Defendants failed to note that eleven other unanswered requests sought admissions from the Plaintiffs that damages *do not* exceed $75,000. (Doc. # 2-3.) For example, the first request reads as follows: "Admit that the damages alleged in Your Complaint do not exceed $75,000." (Doc. # 2-3, at 5.) Following Defendants' logic with respect to deemed admissions, Plaintiffs have admitted both that the amount in controversy exceeds $75,000 and that the amount in controversy does not exceed $75,000. In light of the contradictory nature of these deemed admissions, it cannot be said that they unambiguously establish the requisite

amount in controversy for purposes of § 1446(b)(3) removal.[3] *See Lowery*, 483 F.3d 1213.

### 2. *Plaintiffs' Testimony*

Deposition testimony also constitutes "other paper" that may be used to establish the amount in controversy for purposes of removal under § 1446(b)(3). *See Allen v. Thomas*, No. 3:10-CV-742-WKW, 2011 WL 197964, at *3 (M.D. Ala. Jan. 20, 2011) (citing *Lowery*, 483 F.3d at 1213 n.62). Defendants contend that Plaintiffs' deposition testimony establishes the amount in controversy. Defendants have not filed transcripts of Plaintiffs' depositions to support this assertion. In addition, the notice of removal only refers to deposition testimony sufficient to establish $21,000 in controversy. (Doc. # 2, at 5–6.) Defendants rely on the complaint and requested unspecified damages to support the remaining amount. But it has already been determined that the allegations and requests for damages in the complaint are insufficient to establish the jurisdictional minimum. *Simpson*, 2015

---

[3] According to Defendants, Plaintiffs eventually responded to the requests for admissions, though they did so outside of the time allowed by applicable law. These untimely answers to the requests for admissions, even if considered, still cannot unambiguously establish the jurisdictional minimum. Defendants propose that Plaintiffs' denial that the amount in controversy does not exceed $75,000 means that they have admitted that it does exceed $75,000. (Doc. # 2, at 9.) Contrary to this assertion, denial of a negative is not admission of the positive. *See Harmon v. Wal-Mart Stores, Inc.*, No. 3:08-CV-309, 2009 WL 707403, at *4 (M.D. Ala. Mar. 16, 2009) (explaining that a defendant "cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined" and that "the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute").

WL 9315658, at *8.  Nothing in the notice of removal presents new argument or evidence to counter this determination.  Plaintiffs' deposition testimony does not unambiguously establish the amount in controversy.

### 3.   *Oral Settlement Demand*

The $250,000 oral settlement demand is also insufficient to establish the requisite amount in controversy.  The Recommendation of the Magistrate Judge, as adopted by the court, considered and rejected the same settlement demand as demonstrating the jurisdictional minimum.  *Simpson*, 2015 WL 9315658 at *8–9.  The affidavit from Adam Weaver cannot be used to establish the jurisdictional minimum amount in controversy because it does not meet the "from the plaintiff" requirement under § 1446(b)(3).  *See Sallee*, 2014 WL 1492874, at *5 (evaluating a § 1446(b)(3) remand and rejecting an affidavit as evidence of a settlement demand because it was received from a defendant rather than from the plaintiff).  And this court has found that an oral settlement demand by itself fails to meet the "other paper" requirement.  *Williams v. Litton Loan Servicing, LP*, No. 2:10-CV-951-WKW, 2011 WL 521624, at *5 (M.D. Ala.  Feb. 15, 2011) (finding that plaintiff's counsel's "oral settlement demand and the voicemail fail the 'other paper' requirement of § 1446(b) because they [were] not written documents created by the plaintiff" and noting that the Eleventh Circuit has only recognized "[l]imited exceptions from the 'other paper' writing requirement," which are "deposition

testimony and statements made in open court"). The settlement demand does not unambiguously establish that the amount in controversy exceeds $75,000. Because Defendants have failed to carry their burden to unambiguously establish the jurisdictional minimum, Plaintiffs' motion to remand is due to be granted.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 1) is GRANTED; and

(2) This action is REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 7th day of July, 2016.

                                          /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE